IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| JOSE CARLOS SOTELO, § | |
| Petitioner, § | |
| § | 3:16-CV-1727-N |
| v. § | 3:10-CR-0112-N |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

# FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

I.

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to bank robbery. The presentence report ("PSR") recommended that his sentence be enhanced under the career offender provision of the Sentencing Guidelines ("USSG") §4B1.1 because he had at least two prior felony convictions that were crimes of violence or controlled substance offenses. The PSR relied on Petitioner's prior convictions for possession with intent to distribute marijuana, and possession with intent to distribute a controlled substance. The Court accepted the PSR and determined that Petitioner

qualified as a career offender. The Court sentenced him to 120 months in prison. He did not file an appeal.

II.

On June 20, 2016, Petitioner filed the instant § 2255 petition. Petitioner claims his sentence should be vacated based on the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act's ("ACCA") "violent felony" definition is void for vagueness. Petitioner was not sentenced under the ACCA, but was sentenced as a career offender under USSG § 4B1.2(a)(2). Petitioner argues that § 4B1.2(a)(2) contains a residual clause identical to the one held to be void for vagueness in *Johnson*. Therefore, Petitioner claims his sentence under the career offender guidelines is unlawful.

Petitioner, however, was not sentenced under the residual clause of § 4B1.2. Instead, he had two prior felony convictions for controlled substance offenses. Additionally, even if he had been sentenced under the residual clause in § 4B1.2, his petition is without merit. Under the Supreme Court's recent decision in *Beckles v. United States*, ___ U.S. ___, 137 S.Ct. 886, 892 (2017), the sentencing guidelines are not subject to a challenge for vagueness. The Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* The petition should therefore be denied.

III.

For the foregoing reasons, the Court recommends that the motion to vacate, set aside or

correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this /7 day of December 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).